STATE OF NORTH CAROLINA v. ERNEST RAY HOFFMAN

No. 8820SC1384

(Filed 19 September 1989)

**1. Criminal Law § 34.8; Rape and Allied Offenses § 4.1 — prior sexual misconduct — admissibility to show common scheme or plan**

Testimony by an eight-year-old rape and sexual offense victim concerning prior acts of sexual misconduct by defendant with the victim was admissible to establish a common scheme or plan by defendant to sexually molest the victim.

**2. Rape and Allied Offenses § 4 — evidence of failure to molest other children — irrelevancy**

Testimony by parents that defendant had not molested their children and by children that defendant had not molested them was irrelevant and properly excluded in a prosecution for rape and sexual offense committed against defendant's eight-year-old niece.

**3. Criminal Law § 117.5 — character traits of defendant — failure to instruct — no plain error**

The trial court's failure to instruct the jury in a rape and sexual offense case on certain character traits of the defendant was not plain error.

**4. Rape and Allied Offenses § 6.1 — rape case — instruction on attempted rape not required**

The trial court in a first degree rape prosecution did not err in refusing to instruct the jury on attempted first degree rape.

**5. Rape and Allied Offenses § 4.2 — victim's panties — lab tests — defendant not prejudiced**

Defendant was not prejudiced by the admission of panties allegedly worn by a child rape and sexual offense victim and the results of lab tests performed on the panties.

APPEAL by defendant from *Boner, Judge.* Judgment entered 21 July 1988 in Superior Court, RICHMOND County. Heard in the Court of Appeals 28 August 1989.

Defendant was charged in a proper bill of indictment with one count of first degree rape in violation of G.S. 14-27.2 and one count of first degree sexual offense in violation of G.S. 14-27.4.

The evidence in the record tends to show the following: On 7 November 1987, defendant forced his eight-year-old niece to engage in repeated acts of sexual intercourse with him. On that same day, defendant also forced his five-year-old niece to engage in a sexual act with him. A jury found defendant guilty as charged on both counts. From judgments imposing two life prison terms to be served concurrently, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Norma S. Harrell, for the State.*

*Assistant Appellate Defender Mark D. Montgomery for defendant, appellant.*

HEDRICK, Chief Judge.

**[1]** Defendant assigns as prejudicial error the trial court's allowance of testimony by the eight-year-old victim regarding prior acts of sexual misconduct. While testimony about prior acts of misconduct is not admissible to show defendant's propensity to commit the offense in question, Rule 404(b) of the North Carolina Rules of Evidence allows evidence of prior acts of misconduct if relevant for other purposes, including evidence of a common plan or scheme. In the present case, testimony regarding prior sexual misconduct by defendant with the eight-year-old victim is admissible to establish a common plan or scheme on the part of defendant to sexually molest his niece. Defendant's contention has no merit.

**[2]** Defendant also contends that the trial judge erred by not allowing defendant's witnesses to testify that he had not molested their children and by not allowing several children to testify that he had not molested them. Such testimony was totally irrelevant. We have examined each exception upon which defendant's assignment of error is based and conclude that the trial court did not err in excluding the testimony.

**[3]** Defendant's third argument, based on Assignments of Error 13 and 14, is set out in his brief as follows: "The trial court committed plain error in not instructing the jury on pertinent character traits of the defendant." Plain error arises only where error by the trial court is so fundamental as to deny a defendant a fair

trial or result in a miscarriage of justice. *State v. Morgan*, 315 N.C. 626, 340 S.E.2d 84 (1986); *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983). Defendant must show, absent the error complained of, the jury would have reached a different result. *State v. Walker*, 316 N.C. 33, 340 S.E.2d 80 (1986). The failure of the trial court to instruct the jury as contended by defendant does not rise to the level of plain error in this case.

[4] Defendant also assigns error based on the denial of his request for a jury instruction on the lesser included offense of attempted first degree rape. Whether instruction on a lesser included offense is proper depends solely on whether there is evidence that would permit a jury rationally to find defendant guilty of the lesser offense and acquit him of the greater offense. *State v. Strickland*, 307 N.C. 274, 298 S.E.2d 645 (1983). The evidence in the record only tends to establish that defendant raped his minor niece. The court did not err in denying defendant's requested instruction on attempted first degree rape.

[5] In his final assignment of error, defendant contends that the trial court improperly admitted into evidence a pair of panties allegedly worn by defendant's eight-year-old niece and the results of lab tests performed on the panties. Upon consideration of defendant's argument, we find no conceivable prejudice by admission of the evidence in question.

Defendant had a fair trial free from prejudicial error.

No error.

Judges ORR and LEWIS concur.