**STATE v. GAMEZ**

[228 N.C. App. 329 (2013)]

STATE OF NORTH CAROLINA
v.
OSMAN GAMEZ

No. COA12-1488

Filed 16 July 2013

1. **Appeal and Error—preservation of issues—expert testimony—hearsay—failure to move to strike—failure to assert plain error**

     Defendant failed to preserve for appellate review the argument that the trial court erred in a statutory rape, statutory sex offense, and indecent liberties with a minor case by admitting into evidence statements made by the alleged victim to an expert witness about what the alleged victim's brother had said. Defense counsel made no motion to strike the testimony. Additionally, defendant failed to assert plain error on appeal.

2. **Evidence—expert testimony—sexual offenses—victim suffered from post-traumatic stress disorder**

     The trial court did not err in a statutory rape, statutory sex offense, and indecent liberties with a minor case by admitting an expert's opinion that the alleged victim suffered from post-traumatic stress disorder (PTSD). Defendant's assignment of error was reviewed under the previous version of Rule 702 as the bill of indictment in this case was filed on 17 May 2010, before the 1 October 2011 date that the amendments to Rule 702 were effective. Given the expert's education, experience, and testimony concerning the basis of her opinion, the trial court did not abuse its discretion in allowing the expert to give an opinion that the alleged victim suffered from PTSD.

Appeal by defendant from judgment entered 14 June 2012 by Judge Michael J. O'Foghuldha in Wake County Superior Court. Heard in the Court of Appeals 24 April 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Elizabeth J. Weese, for the State.*

*Glenn, Mills, Fisher & Mahoney, P.A., by Carlos E. Mahoney, for defendant-appellant.* —

STEELMAN, Judge.

**STATE v. GAMEZ**

[228 N.C. App. 329 (2013)]

Where the State's witness testified concerning statements made to the victim by the victim's brother and defendant failed to make a motion to strike that testimony, defendant did not preserve the issue for appellate review. For purposes of applying the recent amendment to Rule 702 of the North Carolina Rules of Evidence in criminal proceedings, the operative date is the date that the indictment was filed. The trial court did not abuse its discretion in admitting the expert opinion that the victim suffered from post-traumatic stress disorder when a licensed clinical social worker was tendered as an expert in social work and routinely made mental health diagnoses of sexual assault victims.

## I. Factual and Procedural Background

On 17 May 2010, Osman Gamez (defendant) was indicted for statutory rape, four counts of statutory sex offense, and two counts of indecent liberties with a minor. This conduct was alleged to have taken place with G.F., the daughter of defendant's girlfriend. G.F. turned thirteen in August of 2009 and at that time was living with her mother, brother, and defendant. On 12 December 2011, defendant was also indicted for the felonious restraint of G.F. The State dismissed the four counts of statutory sex offense and the remaining charges were joined for trial pursuant to N.C. Gen. Stat. § 15A-926.

The State's witnesses included: G.F.; Lauren Rockwell (Rockwell), who was tendered as an expert in the field of psychology; and Cindy Frye (Frye), who was tendered as an expert in licensed clinical social work. Rockwell conducted a child and family evaluation of G.F., where she interviewed G.F., her mother, and her brother. Frye conducted trauma focus cognitive behavioral therapy with G.F. and testified that G.F. had been diagnosed as having post-traumatic stress disorder (PTSD).

After the close of the State's evidence, the trial court dismissed the two counts of indecent liberties with a minor. Defendant did not present any evidence. On 14 June 2012, a jury found defendant guilty of statutory rape and not guilty of felonious restraint. The trial court sentenced defendant as a Level I offender to 215 to 267 months imprisonment.

Defendant appeals.

## II. Hearsay

[1] In his first argument, defendant contends that the trial court erred in admitting Rockwell's testimony of statements made to her by G.F. about what G.F.'s brother had said. We disagree.

"Where inadmissibility of testimony is not indicated by the question, but appears only in the witness' response, the proper form of objection is a motion to strike the answer, or the objectionable part of it, made as soon as the inadmissibility is evident." *State v. Goss*, 293 N.C. 147, 155, 235 S.E.2d 844, 850 (1977). When counsel objects after a witness has answered the question and fails to make a motion to strike, the objection is waived. *State v. Curry*, 203 N.C. App. 375, 387, 692 S.E.2d 129, 138 (2010).

In the instant case, the transcript reflects several references to statements made by G.F.'s brother in Rockwell's testimony. In response to the State's question about G.F.'s therapy sessions, the following took place at trial:

> [ROCKWELL]: . . . I said do you have your own room or share a room, and she said I share a room with my brother. I said does he ever hear or see anything, and she said once he saw me, my step-dad was in there touching me and my brother was in the room, *my brother sat up and screamed because he was mad, he was crying,* my step-dad Osman kept say [sic] why are you crying like a crazy little dude, and *he said because you're touching my sister.* My mom heard it and came in and said what's going on and Osman just said he's just being a crazy little dude and then they left. *We told her though that he was touching me* but she didn't say anything. After they left my brother –
>
> [DEFENDANT'S COUNSEL]: Well, I'm going to object to what she claimed the brother said.
>
> THE COURT: Overruled.
>
> [ROCKWELL]: *After they left my brother said why is he touching you?* And I said I just don't -- I just said I don't know. *My brother said you should take care of yourself, but we promised we wouldn't tell anybody about it.* . . .

(emphasis added). Defense counsel made no motion to strike the testimony and therefore did not preserve this issue for appellate review. Additionally, we note that defendant failed to assert plain error in his appellate brief. *See* N.C.R. App. P. 10(a)(4) (stating that in order to preserve an argument pursuant to plain error defendant must "specifically and distinctly contend[]" it amounted to plain error).

This argument is without merit.

### III. Expert Testimony

**[2]** In his second argument, defendant contends that the trial court erred in admitting Frye's expert opinion that G.F. had been diagnosed with PTSD. We disagree.

#### A. Amendment to Rule 702

The North Carolina General Assembly amended Rule 702 of the North Carolina Rules of Evidence adopting language similar to the corresponding Federal Rule of Evidence. 2011 N.C. Sess. Law ch. 283, § 1.3; *see also State v. King*, 366 N.C. 68, 72 n.2, 733 S.E.2d 535, 538 n.2 (2012). The North Carolina General Assembly enacted Session Law 2011-283 amending Rule 702 on 17 June 2011 and the Governor signed the bill on 24 June 2011. 2011 N.C. Sess. Law ch. 283. This Session Law states that the amendments to Rule 702 became "effective October 1, 2011, and applies to actions commenced on or after that date." 2011 N.C. Sess. Law ch. 283, § 4.2. A separate Session Law enacted the same day, rewrites the effective date provision of Session Law 2011-283 stating:

> SECTION 1.1. If House Bill 542 of the 2011 Regular Session of the General Assembly becomes law, then Section 4.2 of House Bill 542 [Session Law 2011-283] reads as rewritten:
>
> 'SECTION 4.2. Section 4.1.(a) of this act is effective when it becomes law. The remainder of this act becomes effective October 1, 2011, and applies to actions *arising* on or after that date.'

2011 N.C. Sess. Law. ch. 317, § 1.1 (emphasis added). Session Law 2011-317 was signed by the Governor on 27 June 2011. Based upon the amendment to Session Law 2011-283, the amendments to Rule 702 became effective 1 October 2011 and apply to actions arising on or after that date.

Under North Carolina law, there are two kinds of actions, civil and criminal. N.C. Gen. Stat. § 1-4 (2011). A criminal action arises when the defendant is indicted. *See State v. Williams*, 151 N.C. 660, 660, 65 S.E. 908, 909 (1909) (noting that the indictment "marks the beginning of the prosecution and arrests the running of the statute of limitations"); *State v. Underwood*, 244 N.C. 68, 70, 92 S.E.2d 461, 463 (1956) ("[T]he date on which the indictment or presentment has been brought or found by the grand jury marks the beginning of the criminal proceeding and arrests the statute of limitations."). The bill of indictment also gives the court jurisdiction to try a criminal defendant and gives the defendant notice as to the nature of the crime charged. *State v. Burroughs*, 147 N.C. App. 693, 695-96, 556 S.E.2d 339, 342 (2001). While a footnote in an

unpublished opinion of this Court suggests the trigger date for applying the amended version of Rule 702(a) is the start of the trial, we hold that a criminal action arises on the date that the bill of indictment was filed.

In the instant case, defendant was indicted for statutory rape, four counts of statutory sex offense, and two counts of indecent liberties with a minor on 17 May 2010, before the 1 October 2011 date that the amendments to Rule 702 were effective. While there was a second bill of indictment filed on 12 December 2011 that was subsequently joined for trial, this criminal proceeding arose on the date of the filing of the first indictment. The amendments to Rule 702 do not apply in this case and we review defendant's assignment of error under the earlier version of Rule 702.

### B. Standard of Review

We review the ruling of a trial court concerning the admissibility of expert opinion testimony for abuse of discretion. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 458, 597 S.E.2d 674, 686 (2004). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

### C. Analysis

Defendant contends that Frye's expert opinion that G.F. suffered from PTSD "was not based on sufficient facts or data, it was not the product of reliable principles and methods, and [Frye] did not reliably apply the criteria in the DSM-IV[1] to the facts of the case." On appeal, this challenge to Frye's opinion is based upon the revised version of Rule 702. N.C. Gen. Stat. § 8C-1, Rule 702 (2011) (requiring that an expert may testify to their opinion if the following apply: "(1) The testimony is based upon sufficient facts or data[;] (2) The testimony is the product of reliable principles and methods[;] (3) The witness has applied the principles and methods reliably to the facts of the case.").

Under the applicable version of Rule 702, when "scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion." N.C. Gen. Stat. § 8C-1, Rule

---

1. The DSM-IV is the Diagnostic Statistical Manual Revision IV. It contains a list of certain symptoms that are indicative of PTSD.

702(a) (2010). There is a "three-step inquiry for evaluating the admissibility of expert testimony: (1) Is the expert's proffered method of proof sufficiently reliable as an area for expert testimony? (2) Is the witness testifying at trial qualified as an expert in that area of testimony? (3) Is the expert's testimony relevant?" *Howerton*, 358 N.C. at 458, 597 S.E.2d at 686 (internal citations omitted). The proponent of the expert witness, in this case the State, has " 'the burden of tendering the qualifications of the expert' and demonstrating the propriety of the testimony under this three-step approach." *State v. Ward*, 364 N.C. 133, 140, 694 S.E.2d 738, 742 (2010) (quoting *Crocker v. Roethling*, 363 N.C. 140, 144, 675 S.E.2d 625, 629 (2009)).

"Initially, the trial court should look to precedent for guidance in determining whether the theoretical or technical methodology underlying an expert's opinion is reliable." *Howerton*, 358 N.C. at 459, 597 S.E.2d at 687. We have previously held that an expert's opinion that a prosecuting witness is suffering from PTSD is admissible for corroborative purposes and "to assist the jury in understanding the behavioral patterns of sexual assault victims." *State v. Chavis*, 141 N.C. App. 553, 565, 540 S.E.2d 404, 413-14 (2000).

In the instant case, the record reveals that the State tendered Frye as an expert in licensed clinical social work without objection from defendant. Frye was a licensed clinical social worker and made mental health diagnoses as part of her treatment model. Further, Frye testified that she began working with G.F. in July of 2010 and that G.F. suffered from flashbacks, nightmares, irritability, and difficulty concentrating at school. Defendant objected to the State's question eliciting Frye's opinion of "an initial diagnosis as to any sort of mental health diagnoses." On *voir dire*, Frye testified that she was familiar with the DSM-IV, that she provided counseling to numerous sexual assault victims, and that she routinely made mental health diagnoses using the DSM-IV. Following the *voir dire* hearing, the trial court admitted Frye's opinion that G.F. suffered from PTSD. Such testimony was relevant to corroborate G.F.'s testimony and to help explain her actions and behavior after the assault occurred. *See State v. Hall*, 330 N.C. 808, 822, 412 S.E.2d 883, 891 (1992). Given Frye's education, experience, and testimony concerning the basis of her opinion, we cannot say the trial court abused its discretion in allowing Frye to give an opinion that G.F. suffered from PTSD.

We note that in *Hall*, our Supreme Court held that where an expert testifies the victim is suffering from PTSD, the testimony must be limited to corroboration of the victim and could not be "admitted substantively for the sole purpose of proving that a rape or sexual abuse has in fact

occurred." *Id.* "The rule, however, in this State has long been that an instruction limiting admissibility of testimony to corroboration is not required unless counsel specifically requests such instruction." *State v. Quarg*, 334 N.C. 92, 101, 431 S.E.2d 1, 5 (1993). In the instant case, defendant did not request a limiting instruction.

This argument is without merit.

NO ERROR.

Judges CALABRIA and McCULLOUGH concur.