STATE OF NORTH CAROLINA
v.
ROBERT T. WALSTON, SR., Defendant

No. COA12-1377

Filed 20 August 2013

1. **Appeal and Error—preservation of issues—proffer of testimony—words of witnesses preferred over summary**

    An issue was preserved for appellate review where the trial court incorrectly denied a proffer of witness testimony and defense counsel gave a statement of what the testimony would have been. The words of the witnesses should go in the record rather than the words counsel thinks the witnesses might have used; however, in this case the trial court denied a proffer from the witnesses and counsel's offer of proof was sufficient to establish the essential content or substance of the excluded testimony.

2. **Evidence—character—relevant—proper form—opinion**

    The trial court erred in a prosecution for sexual offenses against children by excluding testimony that defendant was respectful

around children. The testimony was relevant and was in the proper form for opinion testimony in that defendant sought to elicit opinion evidence rather than testimony of specific acts.

**3. Evidence—character testimony—excluded—prejudice**

Defendant was prejudiced in a prosecution for sexual offenses against children by the exclusion of testimony about his respectful, positive interactions with children. The prosecution occurred nearly two decades after the alleged events and the evidence presented a close case as to whether defendant was guilty.

**4. Criminal Law—jury instructions—use of victims rather than alleged victims**

In a prosecution for sexual offenses against children overturned on other grounds, the trial court erred in its instructions by using "victims" rather than "alleged victims." There were issues of fact as to whether the children (now adults) were victims of the charged offenses.

**5. Statutes—effective date—superseding indictment**

The amended version of N.C.G.S. § 8C-1, Rule 702 should be applied upon retrial of a prosecution for sexual offense against children that was reversed on other grounds. The amended rule applies to actions arising on or after 1 October 2011; in this case, original indictments were filed on 12 January 2009, but superseding indictments were filed on 14 November 2011. The superseding indictment annuls or voids the original indictment.

**6. Evidence—prior crimes or bad acts—similarities—remoteness in time**

The trial court did not abuse its discretion in a prosecution for sexual acts against children by admitting evidence of prior acts where the prior acts and the charged offenses were similar in defendant's access to the girls, the girls' relatively young ages at the time of the acts, and that the touching occurred while defendant was alone with the girls. Given the similarities in the incidents, the remoteness in time was not so significant as to mandate the exclusion of the evidence. As to prejudice, the trial court gave a limiting instruction.

Appeal by Defendant from judgments entered 17 February 2012 by Judge Cy A. Grant in Superior Court, Dare County. Heard in the Court of Appeals 21 May 2013.

**STATE v. WALSTON**

[229 N.C. App. 141 (2013)]

*Attorney General Roy Cooper, by Assistant Attorney General Sherri Horner Lawrence, for the State.*

*Mark Montgomery for Defendant-Appellant.*

McGEE, Judge.

Robert T. Walston, Sr. (Defendant) was indicted for offenses involving two sisters, E.C. and J.C., ranging from June 1988 to October 1989. In 1994, E.C. and J.C. were interviewed by "law enforcement and/or Social Services[.]" They did not report the incidents with which Defendant was later charged. E.C. and J.C. told each other of the incidents in January 2001, but they did not share details or specifics. They told their parents, but no one called law enforcement.

"[N]ear the end of 2008[,]" J.C. contacted law enforcement to report the offenses. The indictments were filed 12 January 2009, approximately two decades after the alleged events. Superseding indictments were filed 14 November 2011. At the time of trial, E.C. was twenty-nine years old, and J.C. was twenty-seven years old. Defendant was convicted on 17 February 2012 of one count of first-degree sex offense, three counts of first-degree rape, and five counts of indecent liberties with a child. Defendant appeals.

## I. Character Evidence of Defendant's Respectful Treatment of Children

Defendant first argues the trial court erred in excluding testimony that Defendant was "respectful around children and interact[ed] in a positive way with children."

### A. Preservation of the Error for Review

[1] We must first address whether the issue is preserved for our review. Counsel and the trial court evidently discussed "issues" regarding certain witnesses. This discussion was not recorded or transcribed. Counsel then presented arguments as to whether the trial court should admit Defendant's evidence "with regard to specific character traits of [Defendant]." Specifically, Defendant sought to introduce good character evidence of Defendant's respectful treatment of children. The trial court denied Defendant's request to make a "brief proffer" of evidence through witness testimony, stating: "I'm not going to allow that. I don't think I need to do a proffer on that."

Defendant filed a motion for appropriate relief with this Court on the same date that he filed his brief, arguing that his constitutional right to present a defense was denied when the trial court refused his request to make a proffer of evidence. Although Defendant stated in his MAR that his counsel "did not make a formal proffer of the testimony of these witnesses[,]" his counsel did make the following statement to the trial court:

> If I may, Judge, in the way of proffer rather than calling the witnesses and offering them later, if I might just offer, Your Honor, that it would have been [D]efendant's intention and in anticipation that I would have been asking Mr. Anthony Ralph, Mr. Jessie Walston, Timmy Walston, Bett Beasley, Jim Beasley, Molly Walston, Amelia Twiddy, Crystal Maqueda, Christina Purtee, Carolyn Ambrose, would have asked each and every one of those people this same series of questions about observing interactions with children. Based on my interviews each would say they have seen him in several different settings with numerous groups of children. I would have asked each of them if they had an opinion as to whether these allegations are consistent or inconsistent with his character for how he deals or treats children. Each of those individuals, Your Honor, based on my interviews, would have testified that they do have an opinion and that in their opinion these allegations are inconsistent with the caring, respectful way they have always seen him dealing with children, that that -- this is not part of his character and it is inconsistent with his character. There would be other witnesses to testify to that but hopefully that is enough to preserve our exception, Judge, and we'd ask the Court to accept that as our proffer and what that testimony would be.

"[I]n order for a party to preserve for appellate review the exclusion of evidence, the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record." *State v. Simpson*, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985); *see also State v. Mackey*, 352 N.C. 650, 660, 535 S.E.2d 555, 560 (2000). The "essential content or substance of the witness' testimony must be shown before we can ascertain whether prejudicial error occurred." *Simpson*, 314 N.C. at 370, 334 S.E.2d at 60.

" 'The practice of permitting counsel to insert answers rather than have the witness give them in the presence of the court should not be

encouraged.' " *Id.* (quoting *State v. Willis*, 285 N.C. 195, 200, 204 S.E.2d 33, 36 (1974)). "The words of the witness, and not the words counsel thinks the witness might have used, should go in the record." *Simpson*, 314 N.C. at 370, 334 S.E.2d at 60. "The better practice is to excuse the jury and complete the record in open court in the absence of the jury." *Id.* "While the principles are usually cited in situations where particular testimony of a witness already on the stand is excluded, they apply with equal vigor when the witness is not permitted to testify at all." *Simpson*, 314 N.C. at 370, 334 S.E.2d at 60-61.

The trial court in *Simpson* denied the defendant's request "to have the assistant district attorney testify." *Simpson*, 314 N.C. at 370-71, 334 S.E.2d at 61. Counsel's offer of proof as to what the witness would have testified to was:

> His observations, if Your Honor please, are what I'm inter-
> ested in, what he observed on the 13th of June 1983 and
> what he saw and how the defendant appeared to him;
> whether or not it would be the same as what's in the
> motion, Judge, I don't know.

*Simpson*, 314 N.C. at 371, 334 S.E.2d at 61 (emphasis removed). Our Supreme Court held the offer "insufficient to establish the 'essential content or substance' of the witness' testimony. Defense counsel himself admitted that he did not know what the prosecutor's testimony would be." *Id.*

The trial court's decision in the present case to deny a proffer of witness testimony is incorrect. The words of the witnesses should go in the record, not the words counsel thinks the witnesses might have used. *Willis*, 285 N.C. at 200, 204 S.E.2d at 36. Since the trial court denied a proffer from the witnesses, we have only the proffer from Defendant's counsel to review. The offer of proof, quoted above, was a specific forecast of what the testimony would be. Counsel did not express doubt as to the content of the testimony. Rather, he based his forecast on interviews with the witnesses. This fact indicates that counsel did not merely guess what the witnesses might say, but gave a reasonable forecast of the evidence. We hold that counsel's offer of proof is sufficient to establish the essential content or substance of the excluded testimony.

Because of this holding, the affidavits attached to Defendant's motion for appropriate relief are unnecessary to preserve this issue for review. We therefore deny Defendant's motion for appropriate relief and analyze the merits of Defendant's argument.

## B. Analysis of the Merits

**[2]** Defendant argues that the trial court erred in excluding testimony that Defendant was respectful around children and interacted in a positive way with children. We agree.

### i. Rule

"Generally, [e]vidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion[.]" *State v. Banks*, 191 N.C. App. 743, 746, 664 S.E.2d 355, 358 (2008) (quoting N.C. Gen. Stat. § 8C-1, Rule 404(a)) (alterations in original) (internal quotation marks omitted). *See also State v. Squire*, 321 N.C. 541, 546, 364 S.E.2d 354, 357 (1988).

"However, an exception is provided for an accused, who may present evidence of a pertinent trait of his character in an attempt to prove he acted in accord with this trait." *Banks*, 191 N.C. App. at 746, 664 S.E.2d at 358. The exception harbors an important right of the accused to present evidence which tends to lessen the likelihood of the accused's guilt. *See* 1 Brandis & Broun on North Carolina Evidence § 88 (7th ed. 2011).

"[T]he use of the word 'pertinent,' in the context of Rule 404(a)(1), is 'tantamount to relevant.'" *Banks*, 191 N.C. App. at 746-47, 664 S.E.2d at 358 (quoting *Squire*, 321 N.C. at 547, 364 S.E.2d at 358).

> Thus, in determining whether evidence of a character trait is admissible under Rule 404(a)(1), the trial court must determine whether the trait in question is relevant; i.e., whether it would "make the existence of any fact that is of consequence to the determination of the action" more or less probable than it would be without evidence of the trait.

*Banks*, 191 N.C. App. at 747, 664 S.E.2d at 358.

An "accused must tailor his character evidence to a 'pertinent' trait, but the trait may be general in nature provided that it is relevant in the context of the crime charged." *Squire*, 321 N.C. at 548, 364 S.E.2d at 358. "The trial judge may, in his sound discretion, limit the number of character witnesses a defendant may call to the stand." *State v. McCray*, 312 N.C. 519, 537, 324 S.E.2d 606, 618 (1985).

In *McCray*, "the defendant was permitted to offer some evidence of his good character, but was not permitted to offer *all* of evidence which he was prepared to offer on this issue." *Id.* (emphasis in original). Our Supreme Court assumed *arguendo* that the exclusion of additional

character witnesses was error and concluded that "any possible error was harmless[.]" *Id.*

By contrast, in the present case, the trial court excluded all testimony of Defendant's character for respectful treatment of children. Defendant was charged with multiple counts of first-degree sex offense, first-degree rape, and indecent liberties with a child. The State cites *State v. Hoffman,* 95 N.C. App. 647, 383 S.E.2d 458 (1989), to support its argument that the testimony does not qualify for admission under Rule 404(a). The entire discussion of this issue in *Hoffman* is:

> [The defendant] also contends that the trial judge erred by not allowing [the] defendant's witnesses to testify that he had not molested their children and by not allowing several children to testify that he had not molested them. Such testimony was totally irrelevant. We have examined each exception upon which [the] defendant's assignment of error is based and conclude that the trial court did not err in excluding the testimony.

*Hoffman,* 95 N.C. App. at 648, 383 S.E.2d at 459.

This Court described the problem in *Hoffman,* not as a violation of Rule 404(a), but as a violation of N.C. Gen. Stat. § 8C-1, Rule 405(a) (on the proper form of character evidence). *See State v. Murphy,* 172 N.C. App. 734, 743, 616 S.E.2d 567, 573 (2005), *vacated on other grounds,* 361 N.C. 164, 696 S.E.2d 527 (2006). The testimony in *Hoffman* was evidently about the defendant's specific acts involving children.

*Murphy* is the only case interpreting this issue in *Hoffman.* In *Murphy,* the defendant sought to introduce testimony of "specific acts of nonviolence towards other children." *Murphy,* 172 N.C. App. at 743, 616 S.E.2d at 573. The Court recited the rule that, "where evidence of character or a trait of character is admissible under Rule 404, 'proof may be made by testimony as to reputation or by testimony in the form of an opinion.' " *Murphy,* 172 N.C. App. at 744, 616 S.E.2d at 573 (quoting Rule 405(a)). "Thus, elicitation of evidence regarding [the] defendant's character during direct testimony must have been accomplished via opinion or reputation testimony rather than specific instance testimony." *Murphy,* 172 N.C. App. at 744, 616 S.E.2d at 574.

The present case is distinguishable from *Hoffman* and *Murphy.* Defendant did not seek to elicit specific acts testimony. Rather, Defendant sought to elicit opinion evidence from several witnesses: "Each of those individuals, Your Honor, based on my interviews, would have testified

that they do have an opinion and that in their opinion these allegations are inconsistent with the caring, respectful way they have always seen him dealing with children[.]" Counsel forecast that the opinions would have been that the State's allegations were inconsistent with Defendant's character for respectful treatment of children.

Testimony of Defendant's character for respectful treatment of children is relevant because it has a tendency to make the existence of "any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2011). Evidence of character for respectful treatment of children tends to make the facts central to the charges, that Defendant committed, *inter alia*, first-degree statutory rape of a child, less probable than they would be without such evidence. Testimony of this character trait is therefore relevant and "pertinent." The offer indicates the evidence would have been in the proper form of opinion testimony, rather than testimony of specific acts or instances.

### ii. Prejudice Analysis

[3] In *Banks*, where the defendant was charged with first-degree murder and felonious discharge of a firearm, the trial court excluded character evidence that the defendant was peaceful and law-abiding. This Court held that the exclusion was prejudicial because "the evidence presented a close case as to whether [the] defendant committed the homicide in self-defense." *Banks*, 191 N.C. App. at 747, 664 S.E.2d at 359. In evaluating the "closeness" of the case, this Court considered both the State's evidence and the defendant's evidence.

The evidence in the case before us also presents a "close case" as to whether Defendant committed the offenses. The charges were prosecuted approximately two decades after the alleged events. The State's case relied heavily on the testimony of E.C. and J.C. There were no other eye witnesses to the events described in the indictments, other than E.C. and J.C. Defendant testified in his defense and denied the allegations. Defendant also presented evidence that tended to undermine the assertions of E.C. and J.C. Considering the State's and Defendant's presentations, the evidence in this case is closely balanced. Thus, opinion testimony that Defendant treated children with respect could have affected the jury's determination of whether Defendant committed these offenses.

The trial court's exclusion of opinion testimony regarding Defendant's character for respectful treatment of children prevented Defendant from offering evidence of a pertinent character trait. Defendant demonstrated a reasonable possibility that, had the trial court not committed

this error, the result at trial would have been different. *See* N.C. Gen. Stat. § 15A-1443(a) (2011). Defendant was prejudiced by the error and is entitled to a new trial.

Because of the likelihood that the subsequent issues may recur during a new trial, we address Defendant's remaining arguments. *State v. Harris*, 149 N.C. App. 398, 404, 562 S.E.2d 547, 550 (2002).

## II. Use of "Victim" in Jury Instructions

**[4]** Defendant next argues the trial court erred in identifying E.C. and J.C. as "victims," rather than "alleged victims" in its instructions to the jury. We agree in this case.

Defendant relies on *State v. Castaneda*, 196 N.C. App. 109, 674 S.E.2d 707 (2009), in which the trial court twice referred to an alleged accomplice as an "accomplice."

> "It has long been held in this State that even the slightest intimation from a judge as to the strength of the evidence, or as to the credibility of a witness, will always have great weight with a jury; and, therefore, the court must be careful to see that neither party is unduly prejudiced by any expression from the bench which is likely to prevent a fair and impartial trial."

*Castaneda*, 196 N.C. App. at 117, 674 S.E.2d at 713 (quoting *State v. McLean*, 17 N.C. App. 629, 632, 195 S.E.2d 336, 338 (1973)). N.C. Gen. Stat. §§ 15A-1222 and 15A-1232 "prohibit the trial court from expressing any opinion in the presence of the jury on any question of fact to be decided by the jury." *Castaneda*, 196 N.C. App. at 117, 674 S.E.2d at 713. In *Castaneda*, the sole issue of fact at trial was whether the defendant acted as an accomplice. This Court held that the trial court's use of "accomplice" was prejudicial error. *Castaneda*, 196 N.C. App. at 118, 674 S.E.2d at 713.

In the present case, the trial court denied Defendant's request to modify the pattern jury instructions from "victim" to "alleged victim" to avoid the implication that the trial court "has reached some conclusion." The issue of whether E.C. and J.C. were indeed the victims of the charged offenses was in dispute at trial. E.C. and J.C. testified as to several incidents of sexual assault, whereas Defendant presented evidence that there "were no signs of sexual assault" in 1994 and that an investigator did not pursue a physical examination because "[n]othing in the interview [of E.C. and J.C.] indicated there was any type of sexual

assault[.]" The issue of whether sexual offenses occurred and whether E.C. and J.C. were "victims" were issues of fact for the jury to decide.

In contending that the trial court's use of the term "victim" was not error, the State cites *State v. Allen,* 92 N.C. App. 168, 374 S.E.2d 119 (1988), *State v. Richardson,* 112 N.C. App. 58, 434 S.E.2d 657 (1993), and *State v. Henderson,* 155 N.C. App. 719, 574 S.E.2d 700 (2003).

In *Allen,* this Court noted that, by using the term "victim," the trial court "was not intimating that [the] defendant had committed any crime." *Allen,* 92 N.C. App. at 171, 374 S.E.2d at 121. However, the use of the term "victim" in the case before us does intimate the trial court's belief that E.C. and J.C. were sexually assaulted. As discussed above, whether sexual offenses occurred was a disputed issue of fact for the jury to resolve. Whether Defendant was the perpetrator was not the sole issue of fact for the jury to determine, as presumably was the case in *Allen.* Because it is distinguishable, *Allen* does not conclusively determine the issue in the present case. By using the term "victim," the trial court resolved a disputed issue of fact that was for the jury to determine. The use of the word "victim" was therefore error.

In *Richardson,* cited by the State, this Court reviewed only for plain error because the defendant failed to object at trial. *Richardson* is distinguishable because Defendant in the present case objected repeatedly to the proposed instructions. Moreover, the Court found no prejudice in *Richardson* because the defendant was not convicted on charges for which the instructions contained the word "victim." *Richardson,* 112 N.C. App. at 67, 434 S.E.2d at 663.

In the case before us, Defendant was convicted of offenses for which the jury instructions contained the word "victim."

> [D]efendant has been charged with three counts of first degree rape. For you to find [D]efendant guilty of this offense the State must prove three things beyond a reasonable doubt.
>
> First, that [D]efendant engaged in vaginal intercourse with the victim. . . .
>
> Second, at the time of the acts alleged the victim was a child under the age of 13 years.
>
> And third, that at the time of the acts alleged [D]efendant was at least 12 years old and was at least four years older than the victim.

So if you find from the evidence beyond a reasonable doubt that on or about the alleged date [D]efendant engaged in vaginal intercourse with the victim, [J.C.], in [D]efendant's car and that at the time the victim was a child under the age of 13 years, and that [D]efendant was at least 12 years old and was at least four years older than the victim, it would be your duty to return a verdict of guilty.

The jury convicted Defendant of all three charges of first-degree rape. "It must be assumed on appeal that the jury was influenced by that portion of the charge which is incorrect." *Castaneda*, 196 N.C. App. at 117, 674 S.E.2d at 713. The jury convicted Defendant of offenses for which the jury instructions contained error.

In *Henderson*, this Court rejected the argument that, because the "defendant was acquitted of 9 of the 13 charges brought against him[,]" the State's case was weak. *Henderson*, 155 N.C. App. at 723, 574 S.E.2d at 703. This Court concluded that the defendant failed to show prejudice. The Court does not explain how the defendant fails to show prejudice, but quotes a statement from *Richardson* that the North Carolina Conference of Superior Court Judges promulgated the pattern jury instructions used. *Henderson*, 155 N.C. App. at 723, 574 S.E.2d at 703-04. Our Supreme Court has held that the pattern jury instruction "has neither the force nor the effect of law[.]" *State v. Warren*, 348 N.C. 80, 119, 499 S.E.2d 431, 453 (1998). *Henderson* does not conclusively determine the issue because the balance of the evidence evidently was not as close as in the present case.

For the reasons discussed in Section I.B.ii of this opinion, we must conclude the error was prejudicial. The State's and Defendant's evidence were in equipoise, such that the jury reasonably might have reached a different verdict had this error not occurred.

### III. Excluded Expert Testimony

**[5]** Defendant next argues the trial court erred in excluding expert testimony.

The State filed a motion *in limine*, seeking the suppression of Defendant's proposed expert testimony regarding "repressed" or "recovered" memories. The trial court excluded the testimony of the expert witness.

If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert

by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion, or otherwise, if all of the following apply:

(1) The testimony is based upon sufficient facts or data.

(2) The testimony is the product of reliable principles and methods.

(3) The witness has applied the principles and methods reliably to the facts of the case.

N.C. Gen. Stat. § 8C-1, Rule 702 (2011). The rule reflects recent amendments by the General Assembly. The amended Rule 702 applies to actions "arising on or after" 1 October 2011. 2011 N.C. Sess. Laws ch. 317, § 1.1; 2011 N.C. Sess. Laws ch. 283, § 4.2.

In *State v. Gamez,* ___ N.C. App. ___, ___ S.E.2d ___, 2013 WL 3663744 (16 July 2013), this Court recently held "the trigger date for applying the amended version of Rule 702(a) is . . . the date that the bill of indictment was filed." The indictments in the present case were originally filed on 12 January 2009. However, the superseding indictments were filed on 14 November 2011.

*Gamez* does not contemplate a superseding indictment. *Black's Law Dictionary* defines "supersede" as "annul, make void, or repeal by taking the place of[.]" *Black's Law Dictionary* (9th ed. 2009). The superseding indictment annuls or voids the original indictment. We hold that the "trigger date" is the date the superseding indictment was filed. Because there is no discussion of the amendments to Rule 702 in the record, it appears that the trial court applied the prior version of Rule 702. Should this issue recur upon retrial, we remand for application of the amended Rule 702.

### IV. Evidence of Prior Acts

**[6]** Defendant next argues the trial court erred in admitting testimony under N.C. Gen. Stat. § 8C-1, Rule 404(b) (2011). We disagree.

### A. Summary of Prior Acts

The State offered testimony from K.B., a witness who testified that, when she was somewhere "between the ages of eight and ten, eight and nine[,]" and Defendant was "[a]pproximately 18, 19[,]" he took her for a ride on his motorcycle. Defendant was a neighbor of K.B. Defendant and K.B. were alone, and he drove down an unpaved "service road[.]" Defendant "came up behind [K.B.]." He "placed one of his hands on [her]

STATE v. WALSTON

[229 N.C. App. 141 (2013)]

breast area over [her] shirt." "Then he reached the other hand down and started rubbing [her] genital area again on the outside of [her] clothing, kind of pulled [her] closer to him and pressed himself into [her] buttocks, lower back area." K.B. did not report the incident to anyone. K.B. was forty-one years old at the time of trial. Defendant moved *in limine* to exclude this evidence. The trial court admitted the testimony.

## B. Summary of Alleged Acts

E.C. testified that Defendant's wife used to babysit E.C. and J.C. and that they would go to Defendant's house for the babysitting. When Defendant's wife was away from the house, Defendant told E.C. "that he needed to talk to [her]." Defendant picked up E.C. and put her on his lap. He "stuck his hands first underneath [her] shirt and [rubbed her] chest area." Defendant "went still down through the side buttons under [her] underwear and started rubbing the outside of [her] vagina." Then, Defendant "stuck his finger inside [her] vagina." Defendant told E.C. "that it was [their] secret and that if [she] told anyone that he would kill [her] mom and dad and [E.C. and J.C.] would have to live with him forever."

J.C. testified that she and E.C. went to Defendant's home for Defendant's wife to babysit them. On an occasion in which E.C. and J.C. were left alone with Defendant, Defendant called J.C. over. Defendant picked J.C. up and put her in his lap. Defendant "began rubbing the inside of [her] legs and rubbing [her] vagina through [her] pants." He carried J.C. to the bathroom and "stuck his penis in [her] vagina." Defendant told J.C. that "it was [their] little secret and that if [she] told that he would hurt [her] family or [she] would never see [her family] again." On another occasion, Defendant was alone with J.C. and drove her to the dead end of a gravel road. J.C. testified that Defendant put "his penis in [her] vagina at that time."

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." N.C.G.S. § 8C-1, Rule 404(b). "It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." *Id.*

"We review de novo the legal conclusion that the evidence is, or is not, within the coverage of Rule 404(b). We then review the trial court's Rule 403 determination for abuse of discretion." *State v. Beckelheimer*, 366 N.C. 127, 130, 726 S.E.2d 156, 159 (2012). Our Supreme Court "has been markedly liberal in admitting evidence of similar sex offenses by a defendant." *Id.*

"Though it is a rule of inclusion, Rule 404(b) is still constrained by the requirements of similarity and temporal proximity." *Beckelheimer*, 366 N.C. at 131, 726 S.E.2d at 159 (internal quotation marks omitted). "Prior acts are sufficiently similar if there are some unusual facts present in both crimes that would indicate that the same person committed them. We do not require that the similarities rise to the level of the unique and bizarre." *Id.* (internal citation and quotation marks omitted).

The acts and the charged offenses are similar in: Defendant's access to the girls: in the prior act, by living down the street from the girl, and in the charged cases, by the girls being left in the care of Defendant and his wife; the girls' relatively young ages at the time of the acts; and that the touchings occurred while Defendant was alone with the girls. These similarities are sufficient to support the State's theory of Defendant's plan or scheme.

As to temporal proximity, the prior acts occurred approximately nine to ten years before the charged acts occurred. "Remoteness in time is less important when the other crime is admitted because its *modus operandi* is so strikingly similar to the *modus operandi* of the crime being tried as to permit a reasonable inference that the same person committed both crimes." *Beckelheimer*, 366 N.C. at 132-33, 726 S.E.2d at 160. Our Supreme Court in *Beckelheimer* relied on *State v. Carter*, 338 N.C. 569, 451 S.E.2d 157 (1994) (holding 404(b) evidence admissible despite eight-year lapse). *Beckelheimer*, 366 N.C. at 132-33, 726 S.E.2d at 160. Given the similarities in the incidents, the remoteness in time here was not so significant as to mandate the exclusion of the evidence of the prior acts.

As to the Rule 403 prejudice determination, the trial court gave a limiting instruction to the jury that evidence

> is about to be received tending to show that [Defendant] engaged in sexual activity with [K.B.]. This evidence is being received solely for the purpose of showing that [D]efendant had a motive for the commission of the crime charged in this case, that [D]efendant had the intent which is a necessary element of the crime charged in this case, and there existed in the mind of [D]efendant a plan, scheme, system or design involving the crime charged in this case or that [D]efendant had the opportunity to commit the crime.

The trial court instructed the jury that if it believed "this evidence [the jury] may consider it but only for the limited purpose for which it [was]

received." Although Defendant contends the trial court did not give the same careful consideration to Defendant's objection that the trial court in *Beckelheimer* apparently afforded the defendant's objection, we cannot conclude that the trial court abused its discretion in admitting this evidence.

## V. Conclusion

First, Defendant adequately preserved for our review the issue regarding excluded good character evidence. The trial court erred in excluding the testimony of these witnesses, and this error was prejudicial to Defendant. Second, the use of the word "victim" in the jury instructions was prejudicial error in this case. Third, should the issue regarding expert testimony recur upon retrial, we remand for application of the amended N.C.R. Evid. 702. Fourth, the trial court did not abuse its discretion in admitting N.C.R. Evid. 404(b) evidence regarding prior bad acts with K.B.

New trial.

Judges STEPHENS and HUNTER, JR. concur.