IN THE SUPREME COURT OF NORTH CAROLINA

No. 392PA13-3

Filed 5 May 2017

STATE OF NORTH CAROLINA

v.

ROBERT TIMOTHY WALSTON, SR.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 780 S.E.2d 846 (2015), reversing judgments entered on 17 February 2012 by Judge Cy A. Grant in Superior Court, Dare County, and ordering that defendant receive a new trial, after the Supreme Court of North Carolina remanded the Court of Appeals' prior unpublished decision in this case, *State v. Walston*, 239 N.C. App. 468, ___ S.E.2d ___, 2015 WL 680240 (2015).  Heard in the Supreme Court on 13 February 2017.

*Joshua H. Stein, Attorney General, by Sherri Horner Lawrence, Assistant Attorney General, for the State-appellant.*

*Mark Montgomery for defendant-appellee.*

BEASLEY, Justice.

In this case we consider whether the trial court abused its discretion in excluding defense expert testimony regarding repressed memory and the suggestibility of memory.  We find that the trial court did not abuse its discretion,

and we reverse the decision of the Court of Appeals and reinstate defendant's convictions.

On 14 November 2011, Robert Timothy Walston, Sr. (defendant) was indicted for a number of child sex offenses. After a trial in February 2012, the jury found defendant guilty of one count of first-degree sexual offense, three counts of first-degree rape of a child, and five counts of taking indecent liberties with a child. Defendant appealed his convictions arguing, *inter alia*, that the trial court erred in excluding his expert's testimony.[1] *See State v. Walston*, ___ N.C. App. ___, ___,780 S.E.2d 846, 849-50 (2015). The Court of Appeals agreed with defendant and granted him a new trial. *Id.* at ___, ___, 780 S.E.2d at 857-58, 862. The State petitioned this Court for discretionary review, arguing that the trial court did not abuse its discretion in excluding defendant's proffered expert testimony and that exclusion of the expert testimony was not prejudicial. We agree, and thus, we reverse the Court of Appeals.

Before trial defendant notified the State that he planned to introduce expert testimony from Moina Artigues, M.D. regarding repressed memory and the suggestibility of children. The State successfully moved to suppress Dr. Artigues's testimony. The State argued that the testimony was not relevant or admissible

---

[1] This case has been before this Court and the Court of Appeals a number of times on other issues. The history of this case is detailed in the most recent Court of Appeals opinion and is not discussed here. *See State v. Walston*, ___ N.C. App. ___, ___, 780 S.E.2d 846, 848-49 (2015).

pursuant to Evidence Rules 702 and 403 because the case did not involve "repressed" or "recovered" memories; that the expert was not qualified under Rule 702 to testify regarding "false" memories, specifically because she had not examined or evaluated the two alleged victims; and that the testimony should be excluded under Rule 403 because its potential to prejudice or confuse the jury would substantially outweigh its probative value.[2]

At the pretrial hearing, the trial court expressed doubt that this case concerned repressed or recovered memories and indicated that if the case did not concern repressed or recovered memories, Dr. Artigues's testimony about that subject would be irrelevant or misleading. In response, defense counsel contended that even if Dr. Artigues was not permitted to testify about repressed or recovered memories, she should be allowed to testify about the suggestibility of memory in children based on certain statements the victims made during discovery, which indicated the children's relatives may have pressured them to say they had been abused. The State countered this argument by asserting that the trial court should exclude the expert testimony because, *inter alia*, the expert had not interviewed or examined the victims or anyone else involved in the case. The State relied on *State v. Robertson*, 115 N.C. App. 249, 260-61, 444 S.E.2d 643, 649 (1994), for this proposition. The State noted that

---

[2] The State also requested that the court prohibit the testimony because of defendant's late disclosure of the expert witness. *See* N.C.G.S. § 15A-910 (2016). At the pretrial hearing, the court did not rule on the State's request to exclude Dr. Artigues's testimony on this ground.

*Robertson* was similar to the case at bar in that the defendant in *Robertson* sought to introduce expert testimony concerning suggestibility of children; there the trial court excluded the expert testimony on grounds that its probative value was outweighed by the potential to prejudice or confuse the jury because the expert had never examined or evaluated the victims in any way. *Id.* at 261, 444 S.E.2d at 649. The State also argued here that defendant's expert testimony should be excluded because there was no basis for Dr. Artigues's opinion.

The trial court ruled that Dr. Artigues could not testify, but allowed voir dire to preserve Dr. Artigues's testimony for appellate review. After the conclusion of voir dire, defense counsel requested that the court reconsider its suppression ruling. Defense counsel asserted that Dr. Artigues's opinion was relevant in relation to scientific opinions regarding repressed memory and suggestibility of memory, was relevant to assist the jury in determining credibility, and was not unfairly prejudicial to the State. The State reasserted its arguments that this case does not involve repressed memories and that, as to suggestibility, "this type of expert testimony does not come in when the expert has not evaluated the victim . . . [which] didn't take place in this case." The court stated it was "not inclined to change [its] ruling."

On appeal, as to whether the trial court erred in excluding defendant's proffered expert testimony from Dr. Artigues, defendant argued to the Court of Appeals that Rule 702 does not require that a witness personally interview the person

about whom she will testify. Defendant cited to previous cases from this Court and the Court of Appeals in which witnesses were allowed to testify without having interviewed or examined the person about whom they were testifying. *See State v. Daniels*, 337 N.C. 243, 268-71, 446 S.E.2d 298, 314-15 (1994) (concluding that the trial court did not abuse its discretion in allowing an expert who had not personally interviewed a defendant to testify about that defendant's mental condition), *cert. denied*, 513 U.S. 1135, 115 S. Ct. 953, 130 L. Ed. 2d 895 (1995); *State v. Jones*, 147 N.C. App. 527, 541-44, 556 S.E.2d 644, 653-55 (2001) (concluding that the trial court did not abuse its discretion in allowing a developmental and forensic pediatrician to testify about her knowledge of the medical records and behavior of the deceased victim), *appeal dismissed and disc. rev. denied*, 355 N.C. 351, 562 S.E.2d 427 (2002). Defendant also argued that he was prejudiced by the erroneous exclusion of Dr. Artigues's testimony; he asserted that there was a reasonable possibility the jury would have reached a different result had the trial court admitted Dr. Artigues's testimony.

The State's argument to the Court of Appeals largely relied on the similarities between this case and *Robertson*. The State argued that Dr. Artigues did not examine or evaluate the victims or anyone else involved but rather based her opinion only on an analysis of the discovery material and defense counsel's trial notes. Thus, the State asserted that Dr. Artigues's testimony was properly excluded in compliance with *Robertson*. Additionally, the State noted that Dr. Artigues did not generate a

formal report outlining her opinion and the basis of her opinion regarding the suggestibility of child witnesses. The State also argued that Dr. Artigues's testimony was irrelevant.

The Court of Appeals reversed the trial court and remanded for a new trial. The Court of Appeals found that "the trial court improperly excluded Dr. Artigues'[s] testimony based upon the erroneous belief that her testimony was inadmissible as a matter of law" under *Robertson*. *Walston*, ___ N.C. App. at ___,780 S.E.2d at 857-58. The Court of Appeals reasoned that the discussion of *Robertson* during the pretrial motions hearing implied that the trial court relied on *Robertson* to prohibit Dr. Artigues's testimony because Dr. Artigues had not interviewed the prosecuting witnesses.

The Court of Appeals clarified that *Robertson* did not recognize or create a "*per se* rule that expert opinion concerning the general suggestibility of children may only be given at trial if the testifying expert has examined the child or children in question." *Id.* at ___, 780 S.E.2d at 853. Rather, "expert opinion regarding the general reliability of children's statements may be admissible so long as the requirements of Rules 702 and 403 . . . are met." *Id.* at ___, 780 S.E.2d at 853. Thus, Dr. Artigues's expert opinion should not be excluded as a matter of law on grounds that she did not examine the children and may be admissible if in compliance with the Rule 702 and Rule 403 requirements.

The Court of Appeals noted that the trial court did not make "any findings of fact or conclusions of law explaining the rationale" for "excluding Dr. Artigues'[s] testimony." *Id.* at ___, 780 S.E.2d at 857. Specifically, there was no evidence in the record that the trial court had conducted a Rule 702 analysis, *id.* at ___, ___, ___, 780 S.E.2d at 858, 860, 862, nor did the trial court "make any findings or conclusions related to Rule 403," *id.* at ___, 780 S.E.2d at 862. Therefore, the Court of Appeals panel found itself unable to "make any determination concerning whether the trial court would have abused its discretion in excluding Dr. Artigues'[s] testimony pursuant to either Rule 702 or Rule 403." *Id.* at ___, 780 S.E.2d at 862. Thus, the Court of Appeals reversed defendant's convictions and remanded for a new trial. *Id.* at ___, ___, 780 S.E.2d at 858, 862.

The State petitioned this Court for discretionary review. The only issue currently before this Court is whether the Court of Appeals erred in concluding that the trial court improperly excluded Dr. Artigues's testimony. We conclude that it did and hold that the trial court did not abuse its discretion in excluding Dr. Artigues's testimony.

"In reviewing trial court decisions relating to the admissibility of expert testimony evidence, this Court has long applied the deferential standard of abuse of discretion." *State v. King*, 366 N.C. 68, 75, 733 S.E.2d 535, 539-40 (2012). Trial courts act as a gatekeeper in determining admissibility of expert testimony, and a trial

court's decision to admit or exclude expert testimony "will not be reversed on appeal unless there is no evidence to support it." *Id.* at 75, 733 S.E.2d at 540 (quoting *State v. King*, 287 N.C. 645, 658, 215 S.E.2d 540, 548-49 (1975), *judgment vacated in part per curiam*, 428 U.S. 903, 96 S. Ct. 3208, 49 L. Ed. 2d 1209 (1976)).

North Carolina Rule of Evidence 702 controls the admission of expert testimony. N.C.G.S. § 8C-1, Rule 702 (2016). Rule 702(a) states:

> (a) If scientific, technical or other specialized knowledge *will assist the trier of fact to understand the evidence or to determine a fact in issue*, a witness qualified as an expert by knowledge, skill, experience, training, or education, *may* testify thereto in the form of an opinion, or otherwise, if all of the following apply:
> (1) The testimony is based upon sufficient facts or data.
> (2) The testimony is the product of reliable principles and methods.
> (3) The witness has applied the principles and methods reliably to the facts of the case.

*Id.* (emphases added). A Rule 702 analysis takes into consideration the qualifications of the expert as well as the reliability and relevance of the expert testimony. *See State v. McGrady*, 368 N.C. 880, 884-93, 787 S.E.2d 1, 5-11 (2016) (providing a thorough analysis of Rule 702 requirements).

> Rule 702(a), as amended in 2011, *does not mandate particular procedural requirements for exercising the trial court's gatekeeping function over expert testimony. The trial court has the discretion to determine whether or when special briefing or other proceedings are needed to investigate reliability*. A trial court may elect to order submission of affidavits, hear voir dire testimony, or conduct an *in limine* hearing. More complex or novel areas

of expertise may require one or more of these procedures. In simpler cases, however, the area of testimony may be sufficiently common or easily understood that the testimony's foundation can be laid with a few questions in the presence of the jury. The court should use a procedure that, given the circumstances of the case, will secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined.

*Id.* at 893, 787 S.E.2d at 11 (emphasis added) (internal citations and quotation marks omitted).[3]

If expert testimony meets the requirements of Rule 702, it may still be inadmissible under Rule of Evidence 403 if the "probative value [of the testimony] is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." N.C.G.S. § 8C-1, Rule 403 (2016); *see King*, 366 N.C. at 75-76, 733 S.E.2d at 540. In *State v. King* this Court upheld the trial court's exclusion

---

[3] Here both parties made their arguments to the Court of Appeals under the former Rule 702 standard. The Court of Appeals determined that the new 702 standard should apply to this case based on the date of the superseding indictment. *State v. Walston*, 229 N.C. App. 141, 151-52, 747 S.E.2d 720, 728 (2013), *rev'd*, 367 N.C. 721, 766 S.E.2d 312 (2014).

In a previous opinion in this case, the Court of Appeals determined that because the new Rule 702 requirements are more stringent than the former requirements, defendant was not prejudiced by the trial court's application of the incorrect standard in excluding Dr. Artigues's testimony. In making that determination, however, the Court of Appeals failed to address the merits of defendant's argument that the exclusion of Dr. Artigues's testimony was improper because it was based on an incorrect understanding of the law. *State v. Walston*, 239 N.C. App. 468, ___ S.E.2d ___, 2015 WL 680240 (2015) (unpublished).

In the most recent Court of Appeals opinion in this case, the Court of Appeals did address the merits of defendant's argument, as discussed above, and agreed with defendant that Dr. Artigues's testimony was improperly excluded. *Walston*, ___ N.C. App. ___, 780 S.E.2d 846.

of the State's proffered expert testimony; even though Rule 702 requirements had been met, "the expert testimony was inadmissible under Rule 403" because "the probative value of the evidence was outweighed by its prejudicial effect." 366 N.C. at 76, 733 S.E.2d at 540. "Whether to exclude evidence under Rule 403 is a matter within the sound discretion of the trial court." *Id.* at 76, 733 S.E.2d at 540 (quoting *State v. Penley,* 318 N.C. 30, 41, 347 S.E.2d 783, 789 (1986)). "If all other tests are satisfied, the ultimate admissibility of expert testimony in each case will still depend upon the relative weights of the prejudicial effect and the probative value of the evidence in that case." *Id.* at 76-77, 733 S.E.2d at 541. "[W]hen a judge concludes that the possibility of prejudice from expert testimony has reached the point where the risk of the prejudice exceeds the probative value of the testimony, Rule 403 prevents admission of that evidence." *Id.* at 77, 733 S.E.2d at 541.

Under the abuse of discretion standard applicable to this case, our role is to decide whether the trial court's decision to exclude Dr. Artigues's testimony was "so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). Though the trial court did not explicitly state or demonstrate its Rule 702 or Rule 403 analysis,[4] "[a] correct decision

---

[4] When specific findings of fact and conclusions of law are not required, it is within the trial court's discretion to make fact findings "if a party does not choose to compel a finding through the simple mechanism of so requesting." *Watkins v. Hellings*, 321 N.C. 78, 82, 361 S.E.2d 568, 571 (1987). We have previously stated that "[w]hen the trial court is not required to find facts and make conclusions of law and does not do so, it is presumed that the court on proper evidence found facts to support its judgment." *Estrada v. Burnham*, 316 N.C. 318,

of a lower court will not be disturbed on review simply because an insufficient or superfluous reason is assigned." *State v. Austin*, 320 N.C. 276, 290, 357 S.E.2d 641, 650 (citation omitted), *cert. denied*, 484 U.S. 916, 108 S. Ct. 267, 98 L. Ed. 2d 224 (1987).

Here the Court of Appeals was correct to clarify that a defendant's expert witness is not required to examine or interview the prosecuting witness as a prerequisite to testifying about issues relating to the prosecuting witness at trial. We agree with and affirm the Court of Appeals' legal analysis on this issue. Such a requirement would create a troubling predicament given that defendants do not have the ability to compel the State's witnesses to be evaluated by defense experts. *See State v. Fletcher*, 322 N.C. 415, 419, 368 S.E.2d 633, 635 (1988).

We disagree, however, with the Court of Appeals' determination that the trial court based its decision to exclude defendant's proffered expert testimony solely on an incorrect understanding of the law. Based on the discussion of *Robertson* during the pretrial motions hearing, as well as the parties' briefs on appeal, the Court of Appeals presumed that the trial court excluded Dr. Artigues's testimony based on an erroneous belief that *Robertson* created a per se rule of exclusion when an expert has not interviewed the victims. The trial court, however, never stated that *Robertson*

324, 341 S.E.2d 538, 542 (1986) (citations omitted).

created such a rule nor that it based its decision to exclude Dr. Artigues's testimony solely on *Robertson*.

Furthermore, as this Court notes in *McGrady*, Rule 702 does not mandate any particular procedural requirements for evaluating expert testimony. *See* 368 N.C. at 893, 787 S.E.2d at 11. Here the record demonstrates that the trial court heard arguments from both parties regarding the subject matter of Dr. Artigues's proffered testimony, conducted voir dire and considered the testimony that defendant wished to elicit from Dr. Artigues, and considered the parties' Rule 403 balancing arguments. Moreover, during voir dire the trial court at times engaged Dr. Artigues directly concerning possible confusion over how the victims used specific words in their deposition—such as being "grilled"[5] by an adult and "flashbacks"[6]—and Dr.

---

[5]      [PROSECUTOR] So you're assuming that this grilling was implanting or suggesting memories to the young girls?

[DR. ARTIGUES] I don't see how it could be otherwise.

. . . .

[THE COURT] You don't see how? You can't think of any situation where grilling can be otherwise?

. . . .

[THE COURT] Grilling to you may be different from what grilling means to the mother, to me or anyone else?

[DR. ARTIGUES] Right, that is true.

[6]      [PROSECUTOR] You would agree, would you not, that ordinary lay people who don't live in the psychiatry world, when

Artigues's use of the clinical definitions of these words in her evaluation. Thus, the record demonstrates that there is evidence to support the trial court's decision to exclude Dr. Artigues's testimony and that the trial court properly acted as a gatekeeper in determining the admissibility of expert testimony. Therefore, we find that the trial court did not abuse its discretion in excluding Dr. Artigues's testimony.[7] We reverse the decision of the Court of Appeals and reinstate defendant's convictions.

REVERSED.

---

they use the word flashback they're using it like what you're defining as memory cues?

[DR. ARTIGUES] That is very possible, yes.

[7] Because we find no abuse of discretion, it is unnecessary to conduct a prejudice analysis and we decline to do so.