An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1212

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

STATE OF NORTH CAROLINA

v.

MICHAEL RANDOLPH FINCH

Johnston County
Nos. 11 CRS 4362-63, 54753-54, 55107-111

Appeal by Defendant from judgments entered 28 March 2013 by Judge Gale Adams in Superior Court, Johnston County. Heard in the Court of Appeals 17 March 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Margaret A. Force, for the State.*

> *Kevin P. Bradley for Defendant.*

McGEE, Judge.

Michael Randolph Finch ("Defendant") was convicted on 28 March 2013 of seven counts of rape of a child and two counts of sexual offense with a child. The investigation into these charges began after Defendant's wife found photographic images of Defendant engaged in sexually suggestive conduct with an eleven-year-old female relative (the child). Further

investigation uncovered additional photographs and videos depicting Defendant engaged in sexual acts with the child. The child testified at trial concerning multiple sexual acts that Defendant either performed on her, or that Defendant made her perform on him, and about eight occasions when Defendant placed his penis in her vagina. On four of those occasions, Defendant handcuffed the child to a couch. In at least one of the videos, Defendant's wife identified Defendant forcing vaginal intercourse on the child. Captain Jeff Caldwell of the Johnston County Sheriff's Office testified that, after Defendant had been arrested and had waived his rights under *Miranda*, Defendant "admitted to having sexual intercourse with [the child in Johnston County] on two occasions. [Defendant] admitted to using a vibrator on [the child] on one occasion and to receiving oral sex from [the child] on one occasion [also in Johnston County]." Defendant admitted to multiple other sex acts with the child outside Johnston County.

Defendant was indicted on seven counts of rape of a child, and two counts of engaging in a sexual offense with a child. Defendant was found guilty of all charges on 28 March 2013, and the jury made special findings for all nine charges. These special findings included "egregious aggravating factor[s]" that, in "[t]he nature of the offense[s] and the harm

inflicted[,]" were "of such brutality, duration, severity, degree, or scope beyond that normally committed in such crimes or considered in basic aggravation of such crimes." Defendant was sentenced to four consecutive active sentences of 300 to 369 months. Defendant appeals.

In Defendant's sole argument, he contends the trial court

> erred in entering judgments on seven counts of rape of a child and two counts of sexual offense against a child when the [trial court] instructed the jury with reference to only a single count of rape of a child and a single count of sexual offense against a child.

We disagree.

The trial court gave a single instruction, including the elements the jury had to find in order to convict Defendant of rape of a child, and another single instruction for sexual offense against a child. The jury was then given nine separate verdict sheets, seven pertaining to the seven rape charges and two pertaining to the two sex offense charges. The seven verdict sheets pertaining to the rape charges are identical to each other except for the file numbers, which are the same as the file numbers for each corresponding indictment. The two verdict sheets pertaining to the sex offense charges are identical to each other except for the file numbers, which are the same as the file numbers for each corresponding indictment.

This Court encountered the identical issue in *State v. Barr*, __ N.C. App. __, 721 S.E.2d 395 (2012). In *Barr*, the defendant was charged with, *inter alia*, three counts of accessing a government computer.[1] The trial court in *Barr* instructed the jury on accessing a government computer as follows:

> The defendant has been charged with fraudulently accessing a government computer.
>
> For you to find the defendant guilty of this offense, the State must prove four things beyond a reasonable doubt.
>
> First, that the defendant accessed or caused to be accessed directly or indirectly a computer.
>
> And, second, that the access was to a computer, computer program, computer system, computer network or any part thereof that is owned, operated, or used by any state or local government entity. The North Carolina Division of Motor Vehicles is a State government entity.
>
> And third, that this access was made for the purpose of obtaining services by means of a false pretense or representation by representing that the North Carolina dealership was an out of state dealer.
>
> And fourth, that the defendant acted willfully. The word "willfully" means something more than an intention to commit the offense. It implies committing -- it implies committing the offense, not only

---

[1] We take judicial notice of the record in *Barr*, and include portions of that record below.

designedly in violation of the law, but also
with a bad purpose.

If you find from the evidence beyond a
reasonable doubt that on or about the
alleged date, the defendant accessed a
computer and that this access was to a
computer, computer program, computer system,
computer network, or any part thereof that
was owned, operated, or used by any state or
local government entity and that this access
was for the purpose of obtaining services by
means of a false pretense or representation,
and that this defendant acted willfully, it
would be your duty to return a verdict of
guilty. If you do not so find or have a
reasonable doubt as to one or more of these
things, it would be your duty to return a
verdict of not guilty.

The trial court then submitted three separate verdict
sheets to the jury relating to the three charges of accessing a
government computer. The three verdict sheets were identical in
every way except for different file numbers, which were
associated with the underlying indictments. This Court held:

In this case, we note that Defendant does
not argue that the trial court failed to
explain to the jury every essential element
of the crimes charged, but rather, Defendant
takes issue with the fact that the trial
court gave "a generic instruction to the
jury for the categories of the charges."
This Court has held that similar jury
instructions, categorizing multiple
identical charges in one instruction, did
not constitute plain error. The trial court
in this case provided the jury with a copy
of the instructions and separate verdict
sheets clearly identifying the separate
charges. However, the dispositive point on
this issue is that Defendant has failed to

> explain in her brief how any alleged error by the trial court in categorizing the jury instructions prejudiced her trial. Because Defendant bears the burden of showing that an error arose to the level of plain error, . . . and because Defendant failed to meet this burden, we conclude the trial court did not commit plain error in its jury instructions on the elements of the offenses in this case.

*Barr*, __ N.C. App. at __, 721 S.E.2d at 406 (citations omitted).

In the present case, Defendant not only fails to argue how any plain error might have prejudiced him, he argues that plain error analysis does not apply in this situation. In accord with *Barr*, we hold that, because the alleged error is an instructional error, and Defendant failed to object to the alleged error at trial, plain error analysis would apply. However, Defendant does not specifically allege plain error in his brief, N.C.R. App. P. 10(a)(4), and has "failed to explain in [his] brief how any alleged error by the trial court in categorizing the jury instructions prejudiced [him] at trial." *Barr*, __ N.C. App. at __, 721 S.E.2d at 406. Defendant has abandoned this argument. *State v. Gamez*, __ N.C. App. __, __, 745 S.E.2d 876, 878, *disc. review denied*, __ N.C. __, 749 S.E.2d 848 (2013). Because Defendant's sole argument is deemed abandoned, we dismiss his appeal.

Dismissed.

Chief Judge MARTIN and Judge CALABRIA concur.

Report per Rule 30(e).