STATE OF NORTH CAROLINA v. LEDARIUS MONTREAL BANKS

No. COA07-842

(Filed 5 August 2008)

**1. Evidence— character—peaceful and law-abiding citizen**

The trial court erred in a second-degree murder case by denying defendant the opportunity to provide character evidence that he was a peaceful and law-abiding citizen, and defendant is entitled to a new trial, because: (1) evidence that defendant possessed the character trait of being law-abiding is nearly always relevant in a criminal case; (2) the evidence presented a close case as to whether defendant committed the homicide in self-defense; (3) even if the jury found defendant had not acted in self-defense, the introduction of this evidence might have influenced the jury to convict defendant of voluntary manslaughter rather than second-degree murder; and (4) defendant demonstrated a reasonable possibility that, had the trial court not committed this error, the result at trial would have been different.

**2. Appeal and Error— preservation of issues—issue not addressed when new trial already granted**

Defendant's argument that the trial court committed constitutional error by precluding him from introducing evidence

regarding certain character traits does not need to be addressed in light of the fact that the Court of Appeals already held that defendant was entitled to a new trial.

**3. Criminal Law— instruction—self-defense—defendant as the aggressor**

The trial court did not commit plain error in a second-degree murder case by instructing the jury that defendant could not claim self-defense if he was the aggressor in the fight because the record indicated the evidence was sufficient to support an instruction regarding defendant acting as an aggressor including that: (1) defendant happened upon the victim, stopped his car, exited his car, and advanced toward the victim; (2) although defendant retreated from the victim when the victim fired shots in defendant's direction, defendant again began to advance toward the victim after the victim had ceased shooting; (3) as he advanced, defendant continued to demand the victim return defendant's gun; and (4) thereafter defendant shot and killed the victim.

**4. Homicide— second-degree murder—sufficiency of evidence—malice**

The trial court did not err by submitting the charge of second-degree murder to the jury, even though defendant contends there was insufficient evidence of malice, because: (1) the intentional use of a deadly weapon which causes death gives rise to an inference that the killing was done with malice and is sufficient to establish murder in the second-degree; (2) the State presented evidence that defendant retrieved a gun from his vehicle, intentionally fired the gun at the victim, and killed him; and (3) although the State's evidence showed defendant may have acted in imperfect self-defense, the State also put forward additional evidence that defendant acted with malice when he killed the victim, including that they had been arguing over the course of the night, the two had fought over defendant's gun, defendant approached the victim's car to demand his gun, defendant walked toward the victim with a rifle after the victim had ceased firing his weapon, and defendant shot and killed the victim with the rifle.

Appeal by defendant from judgment entered 13 February 2007 by Judge William C. Griffin, Jr., in Nash County Superior Court. Heard in the Court of Appeals 12 December 2007.

*Attorney General Roy Cooper, by Special Deputy Attorney General Karen E. Long, for the State.*

*Marilyn G. Ozer for defendant appellant.*

McCULLOUGH, Judge.

Defendant appeals from judgment entered after a jury verdict of guilty of second-degree murder. We determine the trial court committed prejudicial error and remand for a new trial.

## FACTS

On 18 February 2005, Mance Hargrove Battle drove a Grand Marquis with passengers Dwayne Parker, Antwone Parker, and Ledarius Banks ("defendant") from Rocky Mount, North Carolina, to visit a dance club in Greenville, North Carolina. In the trunk of the car was a gun belonging to defendant. While outside the club, the young men became involved in an altercation with the bouncers after being denied admission to the club. Police later arrived on the scene and asked the young men if they wanted to press charges against the bouncers, but the young men declined. Before the young men left the club to return to Rocky Mount, Mr. Battle asked defendant for his gun so he could "shoot the club." The defendant, however, refused.

The four young men then drove back to Rocky Mount. On the way, Mr. Battle stopped the car, opened the trunk, and retrieved defendant's gun from the trunk of the car. Defendant asked Mr. Battle to return his gun, but Mr. Battle refused. After arriving in Rocky Mount, the young men picked up a fifth passenger and then visited a liquor house. The men left the liquor house after 1:00 a.m. on 19 February 2005. Outside the liquor house, Mr. Battle told defendant that he would not return defendant's gun unless defendant fought him. The two men then fought over the weapon. After fighting, Mr. Battle, still in possession of the gun, left with Antwone Parker. Defendant and Dwayne Parker walked to Dwayne's grandmother's house.

When the two men reached Dwayne's grandmother's house, Dwayne called Mr. Battle and asked Mr. Battle to meet them at Dwayne's house. Defendant and Dwayne then drove to Dwayne's house. A short time later, Mr. Battle stopped his car at Dwayne's house to allow Antwone Parker to exit. Mr. Battle did not return defendant's gun. Dwayne advised defendant that he should wait until

the next day to request his weapon and asked if defendant would drive him to the store to purchase more cigarettes.

On the way to the store, defendant and Dwayne Parker happened upon Mr. Battle at a stop sign. The two men followed Mr. Battle's car until Mr. Battle's vehicle came to a stop. Defendant stopped his vehicle as well, and defendant and Mr. Parker approached Mr. Battle. Defendant and Mr. Battle began to argue, and Mr. Battle reached into his car and retrieved a gun. Mr. Battle approached the other two men and fired the gun at the ground. Mr. Battle then began to raise his gun, but before he could fire the weapon he was pushed by Mr. Parker. As a result, Mr. Battle's shot was directed away from defendant.

After Mr. Battle began shooting, defendant returned to his car to recover a rifle. Defendant subsequently approached Mr. Battle and demanded Mr. Battle return his gun. Both men had their guns drawn. Defendant fired his rifle at Mr. Battle, hitting him six times and causing him to stagger backward and fall to the ground. Mr. Battle died of these injuries shortly thereafter.

On 11 April 2005, defendant was indicted for the first-degree murder of Mance Battle and the felonious discharge of a firearm. Defendant gave notice of his intention to present the defense of self-defense on 15 December 2006. On 12 February 2007, defendant was tried before a jury in Nash County Superior Court. Defendant was convicted of second-degree murder on 13 February 2007. Defendant filed notice of appeal on 19 February 2007.

I.

[1] Defendant first argues the trial court erred by denying defendant the opportunity to put forward evidence of pertinent character traits. According to defendant, the trial judge's refusal to admit this evidence amounted to prejudicial error. Thus, defendant argues, he is entitled to a new trial. We agree.

Generally, "[e]vidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion[.]" N.C. Gen. Stat. § 8C-1, Rule 404(a) (2007). However, an exception is provided for an accused, who may present evidence of a pertinent trait of his character in an attempt to prove he acted in accord with this trait. N.C. Gen. Stat. § 8C-1, Rule 404(a)(1). Our Supreme Court has previously held that the use of the word "pertinent," in the context of Rule 404(a)(1), is "tantamount to relevant." *State v. Squire*, 321 N.C. 541, 547-48, 364

S.E.2d 354, 357-58 (1988). "Thus, in determining whether evidence of a character trait is admissible under Rule 404(a)(1), the trial court must determine whether the trait in question is relevant; i.e., whether it would 'make the existence of any fact that is of consequence to the determination of the action' more or less probable than it would be without evidence of the trait." *Squire*, 321 N.C. at 547-48, 364 S.E.2d at 357-58; N.C. Gen. Stat. § 8C-1, Rule 401 (2007). Evidence that defendant possesses the character trait of being law-abiding is "nearly always relevant in a criminal case," and may be proved directly rather than by implication. *Squire*, 321 N.C. at 548, 364 S.E.2d at 358. "Evidence of other character traits which are general in nature may be likewise admissible under Rule 404(a)(1) provided that the traits are relevant in the context of the particular proceedings." *Id.* Further, although these traits may be general in nature, they are no less relevant than specific traits of character. *Id.* at 549, 364 S.E.2d at 359. Indeed, our Supreme Court noted in *Squire* that "evidence of character traits which are general in nature may be the deciding factor in the determination of the defendant's guilt or innocence. Thus, an accused should not be prohibited from introducing this potentially exculpatory evidence." *Id.*

In the case *sub judice*, defendant was charged with the crimes of first-degree murder and felonious discharge of a firearm. At trial, defendant sought to show his actions, which resulted in the death of Mr. Battle, were performed in self-defense. In support of this assertion, defendant sought to elicit witness testimony concerning his character as a peaceful and law-abiding person. The trial court, however, precluded this testimony from being given pursuant to an objection by the State.

On review, we hold the trial court erred in precluding defendant from introducing evidence regarding his character traits of peacefulness and law-abidingness. Further, we hold that under N.C. Gen. Stat. § 15A-1443(a) (2007) the trial court's error in precluding this evidence resulted in prejudice to defendant. According to N.C. Gen. Stat. § 15A-1443(a), errors relating to rights, other than under the Constitution of the United States, are prejudicial "when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." Here, as in *Squire*, the evidence presented a close case as to whether defendant committed the homicide in self-defense. *Squire*, 321 N.C. at 549, 364 S.E.2d at 359. At trial, defendant put forward evidence of the victim's violent be-

havior only hours before the homicide took place. After being denied admittance to the club, Mr. Battle asked defendant to borrow his gun, proclaiming his desire to "shoot the club." Despite defendant's refusal to give his gun to Mr. Battle, Mr. Battle acquired defendant's gun and would not return the weapon. During the final confrontation between defendant and Mr. Battle, in which defendant again tried to retrieve his gun, defendant approached Mr. Battle unarmed. It was only after Mr. Battle fired in defendant's direction that defendant retrieved a weapon to return fire. Thus, evidence that defendant was generally a peaceful and law-abiding person, which defendant clearly could have offered, might have weighed heavily in the jury's determination of whether the defendant acted in self-defense. In addition, even if the jury found defendant had not acted in self-defense, the introduction of this evidence might have influenced the jury to convict defendant of voluntary manslaughter rather than second-degree murder.

The trial court's preclusion of evidence regarding defendant's peaceful and law-abiding character prevented defendant from offering evidence of two character traits which were both relevant and admissible. Moreover, defendant has demonstrated a reasonable possibility that, had the trial court not committed this error, the result at trial would have been different. Therefore, we hold defendant was prejudiced by this error and award defendant a new trial.

II.

**[2]** Defendant further argues the trial judge committed constitutional error by precluding defendant from introducing evidence regarding pertinent character traits. Because we held in the above argument that the preclusion of this evidence entitles defendant to receive a new trial, we do not address this argument. *See State v. Hayes*, 188 N.C. App. 313, 315-16, 655 S.E.2d 726, 728 (2008).

III.

**[3]** Defendant next argues the trial court committed plain error by instructing the jury on the application of self-defense in cases where the defendant is the aggressor. We disagree.

The instructions given by a trial judge should be supported by evidence produced at trial. *State v. Cameron*, 284 N.C. 165, 171, 200 S.E.2d 186, 191 (1973), *cert. denied*, 418 U.S. 905, 41 L. Ed. 2d 1153 (1974). If a defendant assigns error to these instructions, but failed to

object at trial, "the alleged error is subject to review for plain error only." *State v. Smith*, 188 N.C. App. 207, 213, 654 S.E.2d 730, 735 (2008). "Plain error with respect to jury instructions requires the error be so fundamental that (i) absent the error, the jury probably would have reached a different verdict; or (ii) the error would constitute a miscarriage of justice if not corrected." *State v. Pate*, 187 N.C. App. 442, 445, 653 S.E.2d 212, 215 (2007).

In the instant case, defendant argued he should be excused from the murder charges against him because he acted in self-defense. Our Supreme Court has previously held:

"A defendant is entitled to an instruction on perfect self-defense as an excuse for a killing when it is shown that, at the time of the killing, the following four elements existed:

(1) it appeared to defendant and he believed it to be necessary to kill the deceased in order to save himself from death or great bodily harm; and

(2) defendant's belief was reasonable in that the circumstances as they appeared to him at the time were sufficient to create such a belief in the mind of a person of ordinary firmness; and

(3) defendant was not the aggressor in bringing on the affray, i.e., he did not aggressively and willingly enter into the fight without legal excuse or provocation; and

(4) defendant did not use excessive force, i.e., did not use more force than was necessary or reasonably appeared to him to be necessary under the circumstances to protect himself from death or great bodily harm."

*State v. Mize*, 316 N.C. 48, 51, 340 S.E.2d 439, 441 (1986) (citations omitted). At the close of the trial, the court provided instructions regarding self-defense to the jury. Included among these instructions was the following charge:

The Defendant would not be guilty of any murder or manslaughter if he acted in self-defense as I have just defined it to be, and if he was not the aggressor in bringing on the fight and if he did not use excessive force under the circumstances. If the Defendant voluntarily and without provocation entered the fight, he would be considered to be the aggressor unless he, thereafter, attempted to abandon the fight and gave notice to the deceased

that he was doing so. One enters a fight voluntarily, if he uses towards his opponent abusive language, which, considering all the circumstances, is calculated and intended to bring on a fight.

Defendant did not object to any of these instructions.

On appeal, defendant argues the trial judge committed plain error by instructing the jury that if defendant was the aggressor in the fight he could not claim self-defense. According to defendant, insufficient evidence was presented at trial to support this instruction. We are unpersuaded by defendant's contention. A review of the record reveals that defendant happened upon Mr. Battle, stopped his car, exited his car, and advanced toward Mr. Battle. Although defendant retreated from Mr. Battle when Mr. Battle fired shots in defendant's direction, defendant again began to advance toward Mr. Battle after Mr. Battle had ceased shooting. As he advanced, defendant continued to demand that Mr. Battle return his gun. Thereafter, defendant shot and killed Mr. Battle. From this evidence, the record indicates the trial court was presented with sufficient evidence to support an instruction regarding defendant acting as an aggressor. Therefore, we hold the trial court did not err in its instruction of the jury.

IV.

[4] Defendant also argues the trial court incorrectly submitted the charge of second-degree murder to the jury. According to defendant, the State presented insufficient evidence of malice to sustain a conviction for second-degree murder. We disagree.

In the case at bar, defendant was charged with first-degree murder. At the close of the State's evidence, and again at the close of all the evidence, defendant made a motion to dismiss the charges against him claiming the evidence presented at trial was insufficient to support these charges. Defendant's motions were denied by the trial court. In his instructions to the jury, the trial judge included instructions on first-degree murder, second-degree murder, and voluntary manslaughter. After deliberating, the jury found defendant guilty on the charge of second-degree murder. Defendant subsequently moved for a new trial on the grounds that the verdict went against the greater weight of the evidence. The trial court denied this motion as well. On appeal, defendant contends the trial court erred in denying his motion to dismiss and his motion for a new trial because the evidence was insufficient to support a conviction for second-degree murder.

"In determining the sufficiency of the evidence to withstand a motion to dismiss and to be submitted to the jury, the trial court must determine 'whether there is substantial evidence '(1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense.' " *State v. Squires*, 357 N.C. 529, 535, 591 S.E.2d 837, 841 (2003) (citation omitted), *cert. denied*, 541 U.S. 1088, 159 L. Ed. 2d 252 (2004). We have previously defined substantial evidence as "such relevant evidence as is necessary to persuade a rational juror to accept a conclusion." *Id*. When ruling on a defendant's motion to dismiss, the trial court must review the evidence in the light most favorable to the state and determine whether the evidence is sufficient to get the case to the jury. *State v. Andujar*, 180 N.C. App. 305, 309, 636 S.E.2d 584, 588 (2006). "Generally, a new trial motion is addressed to the sound discretion of the trial judge, and unless his ruling is clearly erroneous or an abuse of discretion, it will not be disturbed on appeal." *State v. Lyles*, 94 N.C. App. 240, 248, 380 S.E.2d 390, 395 (1989).

"The elements of second-degree murder . . . are: (1) the unlawful killing, (2) of another human being, (3) with malice, but (4) without premeditation and deliberation." *State v. Fowler*, 159 N.C. App. 504, 511, 583 S.E.2d 637, 642, *disc. review denied*, 357 N.C. 580, 589 S.E.2d 355 (2003); N.C. Gen. Stat. § 14-17 (2007). Our Supreme Court has held that the " '[i]ntent to kill is not a necessary element of second-degree murder, but there must be an intentional act sufficient to show malice.' " *State v. Rich*, 351 N.C. 386, 395, 527 S.E.2d 299, 304 (2000) (quoting *State v. Brewer*, 328 N.C. 515, 522, 402 S.E.2d 380, 385 (1991)). "The intentional use of a deadly weapon which causes death gives rise to an inference that the killing was done with malice and is sufficient to establish murder in the second degree." *State v. Brewington*, 179 N.C. App. 772, 776, 635 S.E.2d 512, 516 (2006). Even though such an inference is permissible, the State continues to bear the burden of showing defendant committed an unlawful killing. *State v. Carter*, 254 N.C. 475, 479, 119 S.E.2d 461, 464 (1961). Where the State's evidence establishes a complete defense, the trial court should grant a defendant's motion for dismissal. *Id.*; *State v. Fulcher*, 184 N.C. 663, 665, 113 S.E. 769, 770 (1922).

Here, the State presented evidence that defendant retrieved a gun from his vehicle and intentionally fired the gun at the victim, killing him. Thus, the State presented sufficient evidence for the jury to infer malice on the part of defendant. Defendant argues, however, that

**IN RE D.G.**

[191 N.C. App. 752 (2008)]

while this evidence may give rise to an inference of malice, the evidence put forward by the State necessarily establishes imperfect self-defense as a matter of law. Upon a further review of the record, we find this argument is without merit. "An imperfect right of self-defense is . . . available to a defendant who reasonably believes it necessary to kill the deceased to save himself from death or great bodily harm even if defendant (1) might have brought on the difficulty, provided he did so *without* murderous intent, and (2) might have used excessive force." *State v. Mize*, 316 N.C. at 52, 340 S.E.2d at 441-42. Defendant is correct in asserting that the evidence put forward by the State is sufficient to show that defendant may have acted in imperfect self-defense. However, contrary to defendant's contention, the State put forward additional evidence that defendant acted with malice when he killed Mr. Battle. The State presented evidence showing, *inter alia*, defendant and Mr. Battle had been arguing over the course of the night, the two had fought over defendant's gun, defendant approached Mr. Battle's car to demand his gun, defendant walked toward Mr. Battle with a rifle after Mr. Battle had ceased firing his weapon, and defendant shot and killed Mr. Battle with the rifle. Therefore, we hold the trial court was presented with substantial evidence that defendant was guilty of second-degree murder. Accordingly, we find no error in the trial court's denial of defendant's motions.

New trial.

Judges STEELMAN and GEER concur.